NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (4th) 220456-U

NO. 4-22-0456

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 25, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Ogle County |
| AARON HYING, | ) | No. 21CM135 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Clayton L. Lindsey, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Harris and Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court affirmed, concluding (1) sufficient evidence was presented to sustain the finding of guilt and (2) defendant had not established his claim of ineffective assistance of trial counsel.

¶ 2    Following a bench trial, defendant, Aaron Hying, was found guilty of violation of a stalking no contact order and placed on 18 months' court supervision. Defendant appeals, arguing (1) the State failed to prove him guilty beyond a reasonable doubt and (2) his trial counsel provided ineffective assistance by advising him to stipulate to the existence of a valid stalking no contact order. For the reasons that follow, we affirm.

¶ 3                                  I. BACKGROUND

¶ 4                                    A. Charge

¶ 5    In August 2021, the State commenced a criminal proceeding against defendant for allegedly violating a court order issued in Rock County, Wisconsin, case No. 19-CV-795. The

State ultimately proceeded against defendant on a charge of violation of a stalking no contact order (720 ILCS 5/12-3.9 (West 2020)).

¶ 6                                    B. Stipulation

¶ 7         In December 2021, the trial court held a final pretrial hearing. Defendant appeared with retained counsel. The record on appeal contains no transcripts, bystander's report, or agreed statement of facts from the hearing. According to a docket entry, a stipulation was filed *instanter*. The stipulation is signed by a representative of the State, defendant, and defendant's counsel. In relevant part, it states:

> "1. Parties stipulate that the Harassment Injunction issued in Rock County, Wisconsin[,] Case [No.] 19[-]CV[-]795 ('Harassment Injunction') is a valid stalking no contact order of protection. The parties further stipulate that a true and accurate copy of the Harassment Injunction shall be entered into evidence as People's Exhibit 1. The parties further stipulate to the evidentiary foundation of the Harassment Injunction."

¶ 8                                    C. Bench Trial

¶ 9         In February 2022, the trial court held a bench trial. Jennifer Hying, a/k/a Jennifer Truckenbrod, testified she and defendant, her ex-husband, had one child together. Around 8:30 a.m. on August 27, 2021, Jennifer and the parties' child arrived at the child's school in Jennifer's vehicle. Upon their arrival, Jennifer observed a vehicle similar to defendant's vehicle "like, halfway across the parking lot." She did not expect to see defendant in the parking lot. Jennifer called a friend because she "was nervous that it was his vehicle." Shortly thereafter, she saw defendant exit the vehicle and begin "pacing around the parking lot." Jennifer explained defendant

"walked between the two front doors of the school and my car and his car" and "walked up to the [front] passenger side of my car and stood there and paced there before walking back to his car." She estimated defendant was "[c]loser than a car length away" from her vehicle. In fear, Jennifer locked the doors to her vehicle and called the police. The stipulation, including the Harassment Injunction, was admitted into evidence. The Harassment Injunction, which was in effect on August 27, 2021, and indicated defendant was personally served with a copy, ordered defendant to, amongst other things, (1) "cease or avoid the harassment of [Jennifer]," (2) "avoid *** any premises temporarily occupied by [Jennifer]," and (3) "avoid contact that harasses or intimidates [Jennifer]." The Harassment Injunction contained a preprinted section of notifications and warnings addressing, amongst other things, potential criminal penalties for a violation of the order. The notifications and warnings section is hand-stricken and initialed by the court commissioner who issued the order. Based upon this evidence, the court found defendant guilty of the charged offense.

¶ 10                    D. Posttrial Proceedings

¶ 11        In March 2022, defendant filed a motion for a new trial, arguing, amongst other things, the State failed to prove him guilty beyond a reasonable doubt. During an April 2022 hearing, the trial court denied defendant's motion and then placed him on 18 months' court supervision. The court also ordered defendant to pay an associated fine and assessment.

¶ 12        This appeal followed.

¶ 13                    II. ANALYSIS

¶ 14        On appeal, defendant argues (1) the State failed to prove him guilty beyond a reasonable doubt of violation of a stalking no contact order and (2) his trial counsel provided ineffective assistance by advising him to stipulate to the existence of a valid stalking no contact

- 3 -

order. The State disagrees with each of defendant's arguments.

¶ 15                          A. Challenge to the Sufficiency of the Evidence

¶ 16          Defendant argues the State failed to prove him guilty beyond a reasonable doubt of violation of a stalking no contact order. Specifically, defendant contends the State failed to prove (1) the Harassment Injunction was equivalent to an Illinois stalking no contact order and (2) he had intimidating or harassing contact with Jennifer.

¶ 17          When presented with a challenge to the sufficiency of the evidence, the question is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Internal quotation marks omitted.) *People v. Aljohani*, 2022 IL 127037, ¶ 66, 211 N.E.3d 325. The trier of fact remains responsible for weighing the evidence and drawing reasonable inferences from the facts. *People v. Harris*, 2018 IL 121932, ¶ 26, 120 N.E.3d 900. "A criminal conviction will not be reversed for insufficient evidence unless the evidence is so unreasonable, improbable, or unsatisfactory that it justifies a reasonable doubt of the defendant's guilt." *People v. Gray*, 2017 IL 120958, ¶ 35, 91 N.E.3d 876.

¶ 18          In this case, defendant was found guilty of violating a stalking no contact order as set forth in section 12-3.9 of the Criminal Code of 2012 (720 ILCS 5/12-3.9 (West 2020)). Section 12-3.9 provides, in relevant part, as follows:

            "(a) A person commits violation of a stalking no contact

      order if:

            (1) he or she knowingly commits an act which was

      prohibited by a court or fails to commit an act which was ordered by

      a court in violation of:

- 4 -

(A) a remedy in a valid stalking no contact order of protection authorized under Section 80 of the Stalking No Contact Order Act or Section 112A-14.7 of the Code of Criminal Procedure of 1963; or

(B) a remedy, which is substantially similar to the remedies authorized under Section 80 of the Stalking No Contact Order Act or Section 112A-14.7 of the Code of Criminal Procedure of 1963, or in a valid stalking no contact order, which is authorized under the laws of another state, tribe, or United States territory; and

(2) the violation occurs after the offender has been served notice of the contents of the order, under the Stalking No Contact Order Act, Article 112A of the Code of Criminal Procedure of 1963, or any substantially similar statute of another state, tribe, or United States territory, or otherwise has acquired actual knowledge of the contents of the order." *Id.*

¶ 19 Defendant initially contends the State failed to prove the Harassment Injunction was equivalent to an Illinois stalking no contact order. Specifically, he asserts, "[n]otwithstanding the stipulation," a review of the Harassment Injunction shows it does "not have substantially similar remedies" to an Illinois stalking no contact order. In support, defendant highlights the fact "the language regarding criminal enforcement" was stricken from the Harassment Injunction.

¶ 20 Setting aside the stipulation, we find defendant's contention unconvincing. The Harassment Injunction ordered defendant, as a remedy to Jennifer, to "avoid contact that harasses or intimidates [Jennifer]." Similarly, an Illinois stalking no contact order may order, as a remedy

to a petitioner, "the respondent not to have any contact with the petitioner." 740 ILCS 21/80(b)(2) (West 2020); 725 ILCS 5/112A-14.7(a)(1) (West 2020). In comparison, we find the remedy ordered in the Harassment Injunction is substantially similar to a remedy that could be ordered in an Illinois stalking no contact order. The stricken language regarding criminal enforcement in the Harassment Injunction does not alter our analysis of whether it contained a remedy which is substantially similar to a remedy that could be ordered in an Illinois stalking no contact order. Accordingly, we reject defendant's contention suggesting the State failed to prove the Harassment Injunction was equivalent to an Illinois stalking no contact order.

¶ 21        Defendant also contends the State failed to prove he had intimidating or harassing contact with Jennifer. In support, defendant relies upon the fact similar evidence was presented on a petition for an order of protection and the trial court, with the same judge presiding, declined to issue the order of protection. Defendant also claims the court's finding of guilt is further suspect in that "one of the bases for [the] ruling was that [the court] credited [Jennifer's] testimony over [his] testimony, when in fact [he] never even testified during the criminal case."

¶ 22        We find defendant's contention unconvincing. Initially, we reject defendant's claim suggesting the trial court's finding of guilt is suspect because it stated it credited Jennifer's testimony over his testimony. Immediately after the court made the complained-of statement when ruling on defendant's posttrial motion, defendant's trial counsel objected to it. The court then acknowledged it had misspoken and clarified its finding of guilt was based upon the State having proven its case. We also reject defendant's reliance on the court's ruling on a petition for an order of protection. Jennifer's failure to obtain an order of protection has no bearing on whether the evidence presented by the State was sufficient to show defendant had intimidating or harassing contact with Jennifer. The evidence presented at trial showed defendant approached Jennifer's

vehicle in the parking lot of their daughter's school at a time when Jennifer did not expect him to be present and then proceeded to pace between Jennifer's vehicle and the school. This evidence, we find, could reasonably be interpreted by the trier of fact as being contact that harasses and intimidates. Accordingly, we reject defendant's contention suggesting the State failed to prove he had intimidating or harassing contact with Jennifer. Absent any other argument, we find the State presented sufficient evidence to sustain the finding of guilt.

¶ 23                          B. Challenge to Trial Counsel's Performance

¶ 24          Defendant argues his trial counsel provided ineffective assistance by advising him to stipulate to the existence of a valid stalking no contact order. Specifically, defendant asserts it was not sound trial strategy for trial counsel to advise him to enter the stipulation and, without the stipulation, the State would have been unable to prove the Harassment Injunction was equivalent to an Illinois stalking no contact order in light of the stricken language regarding criminal enforcement.

¶ 25          "Every defendant has a constitutional right to the effective assistance of counsel under the sixth amendment to the United States Constitution and the Constitution of Illinois." *People v. Domagala*, 2013 IL 113688, ¶ 36, 987 N.E.2d 767. Claims of ineffective assistance of counsel are analyzed under the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *People v. Gayden*, 2020 IL 123505, ¶ 27, 161 N.E.3d 911. To prevail on a claim of ineffective assistance, a defendant must show both: (1) "counsel's performance was objectively unreasonable under prevailing professional norms" and (2) "there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Domagala*, 2013 IL 113688, ¶ 36 (quoting *Strickland*, 466 U.S. at 694). A defendant's failure to satisfy either prong of the *Strickland* test precludes a finding of ineffective assistance. *Id.*

- 7 -

¶ 26 In this case, defendant has not established prejudice resulting from his trial counsel advising him to stipulate to the existence of a valid stalking no contact order. Again, defendant's position is premised on his belief the Harassment Injunction did not have substantially similar remedies to an Illinois stalking no contact order due to the stricken language regarding criminal enforcement. As indicated above, the stricken language regarding criminal enforcement does not alter our analysis of whether the Harassment Injunction contained a remedy which is substantially similar to a remedy that could be ordered in an Illinois stalking no contact order. Defendant does not otherwise provide any argument or authority suggesting the Harassment Injunction was invalid. Defendant has not shown the result of the proceeding would have been different had his counsel not advised him to stipulate to the existence of a valid stalking no contact order. Accordingly, defendant has not established his claim of ineffective assistance of trial counsel.

¶ 27 C. *Ex Post Facto* Claim

¶ 28 As a final matter, defendant incorporates within his challenge to the sufficiency of the evidence a claim suggesting "entry of the stipulation essentially created an *ex*[ ]*post facto* result." Defendant's claim does not merit this court's consideration. Defendant, in violation of Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020), cites no authority supporting his claim. See *People v. Macias*, 2015 IL App (1st) 132039, ¶ 88, 36 N.E.3d 373. As a result, defendant's claim is forfeited. *Id.*

¶ 29 III. CONCLUSION

¶ 30 We affirm the trial court's judgment.

¶ 31 Affirmed.